ANNE V. CLARK *vs.* JOHN T. TURKE.

Suffolk.   February 6, 1963. — February 28, 1963.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & REARDON, JJ.

*Practice, Civil,* Auditor: findings, damages.

Where an auditor in an action for personal injuries whose findings of fact
were not to be final filed a report in which he found for the defendant
and a "supplementary report" in which, in accordance with the amend-
ment of Rule 86 of the Superior Court effective July 1, 1961, and an
accompanying notice to auditors, he made findings as to the plaintiff's
damages, the findings as to damages were not merely an advisory opin-
ion but had the same standing as his other findings and were properly
read to the jury at a subsequent trial of the action.

TORT.   Writ in the Superior Court dated February 1,
1960.

The action was tried before *Welsh,* J., a District Court
judge sitting under statutory authority.

*Bertram A. Sugarman* for the defendant.
*Timothy J. McInerney* for the plaintiff.

WILKINS, C.J.   In this action of tort for personal in-
juries by a guest passenger against the operator of a motor
vehicle, the gross negligence of the defendant is conceded.
The defendant's sole exception is to the trial judge allow-
ing a so called "supplementary report" of an auditor to be
read to the jury by counsel for the plaintiff.

The findings of fact of the auditor were not to be final.
After hearing he filed on July 27, 1961, (1) an "auditor's
report," in which he found for the defendant; and (2) an
"auditor's supplementary report," in which he found dam-
ages in the sum of $18,000, stating that he did so in ac-
cordance with Rule 86 of the Superior Court (1954).

On April 28, 1961, effective July 1, 1961, Rule 86 was
amended to read, as to an auditor whose findings of fact
are not to be final: "to hear the parties, examine their

vouchers and evidence, state accounts, find the subsidiary facts on each issue tried, including the issue of damages, and report them and his general findings based on such subsidiary findings to the court . . . .''

In announcing the amendment the committee on rules of the Superior Court issued a notice to auditors whose findings of fact are not to be final, directing attention, among other things, to the following:

''I.   Such auditors shall find the subsidiary facts on each issue tried, including the issue of damages, whether the ultimate finding is for the plaintiff or the defendant.   II.   The auditor shall base his general findings on such subsidiary facts.   III.   If the general finding óf the auditor is for the defendant, the auditor shall, nevertheless, find the subsidiary facts, if any, on the issue of the damages alleged; and, if damages are proved upon the subsidiary facts found, he shall assess full damages thereon.   (It is recommended in such case that all the findings on damages shall be reported in a supplementary report signed by the auditor and filed with his report, and that the provisions of Rule 88 be complied with.)''

The judge charged the jury that the findings of fact in the auditor's report had prima facie effect, and in case that they should find that there was gross negligence, the supplementary report would have prima facie effect.   The jury returned a verdict for the plaintiff in the sum of $15,000.

The defendant contends that once the auditor concluded that there is no liability, any ultimate conclusion of his as to the monetary value of the plaintiff's injuries cannot properly be called a general finding, but is rather an advisory opinion.   The defendant does not contest the validity of the rule nor the propriety of the notice of the rules committee. His argument appears to be addressed solely to the judge's allowing the supplementary report to be read to the jury. The procedure, however, was in accordance with the purposes of the rule, and the notice of the rules committee, which was followed by the auditor, was in accordance with those purposes.   So far as material to the present case, one

paramount purpose plainly was to combat congestion in the courts. One way to secure expeditious disposal of litigation is to reduce the time lag between entry and reaching of cases for trial. In a personal injury case it might save inconvenience to the medical profession and consequent delay if its members could be spared the necessity of having to testify twice in the same cause, once before the auditor and again in court.

It has been a common practice for auditors, and masters as well, to make findings in the alternative in a single report. Any distinction between that practice and the requirements of Rule 86 does not appear.

We think that the findings as to damages continued to be subsidiary facts on an issue the auditor was directed to try notwithstanding that he found that there was no liability; that such findings did not constitute an advisory opinion; and that the judge committed no error in carrying out a purpose of the rule instead of giving no effect to it.

*Exceptions overruled.*